**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HEALTH CENTER, LTD., <br><br> Defendant. | Case No. 1:24-cv-12772 |

## AGREED MOTION FOR ENTRY OF FINAL JUDGMENT BY CONSENT

Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. ("Novo Nordisk" or "Plaintiffs"), with the agreement of Defendant American Health Center, Ltd. ("Defendant"), respectfully move this Court to enter a final judgment in this action in favor of Plaintiffs. In support of this motion, Plaintiffs state as follows:

1.     Novo Nordisk filed this Complaint on December 12, 2024 (Dkt #1) alleging false advertising, unfair competition, and deceptive trade practices in violation of sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

2.     The parties have agreed to a confidential settlement agreement to resolve Plaintiffs' claims.

3.     Attached as Exhibit A is Defendant's signed consent to the proposed final judgment and permanent injunction ("Final Judgment").

4.      Upon entry of the Final Judgment, this matter will be resolved in full.

4.      Under the Final Judgment, this Court retains jurisdiction solely for the purpose of enforcing the parties' settlement agreement, the Final Judgment, and as otherwise provided in the Final Judgment.[1]

<u>CONCLUSION</u>

For the reasons stated above, the parties respectfully move this Court to enter the attached Final Judgment in favor of Plaintiffs and against Defendant.

DATED: April 23, 2025

Respectfully Submitted,

| | |
|---|---|
| */s/ Suyash Agrawal* | */s/ Rebecca Weissman* |
| Suyash Agrawal | Rebecca Weissman |
| MASSEY & GAIL LLP | LOFTUS & EISENBERG, LTD. |
| 50 E Washington St., Ste. 400 | 161 N. Clark Street, Suite 1600 |
| Chicago, Illinois 60602 | Chicago, IL 60601 |
| (312) 379-0949 | (312) 899-6625 |
| sagrawal@masseygail.com | rebecca@loftusandeisenberg.com |

---

[1] "When a court issues an injunction, it automatically retains jurisdiction to enforce it". *Hyzy v. Baker*, No. 18-CV-5276, 2019 WL 2576533, at *4 (N.D. Ill. June 24, 2019) *citing United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988).